IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DAVID HARREL,** individually and on behalf of all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:24-CV-1158-L** |
| **WEBTPA EMPLOYER SERVICES, LLC,** | § § § § | |
| Defendant. | § § | |

## ORDER AND NOTICE OF JURISDICTIONAL DEFICIENCY

The court has identified the following jurisdictional deficiencies in the **( X )** Complaint **( )** Notice of Removal that must be cured by **( X )** Plaintiff(s) **( )** Defendant(s) by filing an **( X )** Amended Complaint **( )** Amended Notice of Removal by **June 17, 2024**. Failure to do so will result in the *sua sponte* **( X )** dismissal without prejudice **( )** remand of this action for lack of subject matter jurisdiction.

Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.* A federal court must presume that an action lies outside its limited jurisdiction, and the burden of establishing that the court has subject matter jurisdiction to entertain an action rests with the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377 (citations omitted). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case, *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999), and it may raise the issue *sua sponte*. *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted). It is for this reason that this court has previously held, based on *Getty Oil*, that citizenship allegations based only on "information and belief" are insufficient. *Pennie v. Obama*, 255 F. Supp. 3d 648, 669 & 671 (N.D. Tex. 2017).

Plaintiff brought this putative class action against WebTPA Employer Services, LLC ("WebTPA") on May 15, 2024, alleging diversity jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. 1332(d)(2). Under the CAFA, a federal district court has original subject matter jurisdiction over a class action in which: (1) there are 100 or more proposed class members;

(2) at least some of the members of the proposed class have a different citizenship from the defendant; and (3) the aggregated claims of the proposed class members exceed the sum or value of $5,000,000. *See* 28 U.S.C. § 1332(d).

Having reviewed Plaintiff's Complaint (Doc. 1), the court questions whether it has subject matter jurisdiction over this action. Specifically, as pleaded, the allegations in Plaintiff's Complaint regarding the amount in controversy are insufficient to satisfy the CAFA's requirement that the aggregated claims of the proposed class members exceed the sum or value of $5,000,000. Accordingly, by **June 17, 2024**, Plaintiff must file an amended complaint that includes sufficient factual allegations from which the court can determine that the amount in controversy under CAFA is met. In other words, Plaintiff's factual basis regarding the $5,000,000 figure must be affirmatively and distinctly set forth and cannot be based solely on "information and belief." Failure to do so will result in the *sua sponte* dismissal without prejudice of this action for lack of jurisdiction.

**It is so ordered** this 3rd day of June, 2024.

Sam A. Lindsay
United States District Judge