# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| DAVID HARRELL, *individually and on behalf of all others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> WEBTPA EMPLOYER SERVICES, LLC; HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY; ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY; and ELEVANCE HEALTH, INC., <br><br> Defendants. | Civil Action No.: 3:24-cv-01158-L <br><br> Consolidated Action |

## <u>SETTLEMENT AGREEMENT</u>

This Settlement Agreement ("Settlement" or "Agreement"),[1] is entered into between Plaintiffs, on behalf of themselves and the Settlement Class, on the one hand, and Defendants, on the other hand, as of date last date signed below. The Parties hereby agree to the following terms in full settlement of the Action, subject to a Final Approval Order entered by the Court.

## I.    <u>Background</u>

1.    WebTPA is a third-party administrator that provides custom health plans for self-funded employer groups, hospital health plans[2], and administrative outsourcing services.

---

[1] All capitalized terms herein shall have the same meanings as those defined in Section II below.

[2] Defendants Hartford Life and Accident Insurance Company, Anthem Blue Cross Life and Health Insurance Company, and Elevance Health, Inc. are business associates of WebTPA that obtained Plaintiffs' and Settlement Class members' Private Information and provided the information to WebTPA.

2.      In the course of operating its business, WebTPA collects, maintains, and stores Private Information of individuals who maintain health insurance plans with WebTPA's business associates.

3.      On or about March 25, 2024, WebTPA communicated to its customers that an unauthorized party had potentially accessed Private Information of certain individuals around and/or between April 18, 2023 and April 23, 2023, from its network.

4.      On May 8, 2024, Defendants began sending out notice letters to potentially affected persons, informing them that their Private Information may have been compromised in the Data Incident.

5.      As a result of the Data Incident, commencing on May 15, 2024, WebTPA, as well as a combination of the other Defendants, was named in 13 putative related actions that are materially and substantively identical, as they have overlapping claims, seek to represent the same putative class members, and arise out of the same Data Incident. [ECF No. 1].

6.      Plaintiffs in the related actions conferred and agreed to move to consolidate the related Actions and to appoint Class Counsel as Interim Co-Lead Counsel. Plaintiffs filed their motion on May 30, 2024. [DE# 9].

7.      Thereafter, on June 14, 2024, the Court consolidated the actions into this Action and appointed Jeff Ostrow and Gary Klinger as Interim Co-Lead Class Counsel for the putative classes. [ECF No. 9].

8.      On August 28, 2024, Plaintiffs filed a Consolidated Class Action Complaint, alleging causes of action for Negligence, Negligence Per Se, Breach of Implied Contract, Breach of Third Party Beneficiary Contract, and violations of the California Consumer Privacy Act, Illinois Consumer Fraud and Deceptive Practices Act, Missouri Consumer Protection Law statute,

New York General Business Law statute, North Carolina Consumer Protection Law statute, Pennsylvania Unfair Trade Practice and Consumer Protection Law statute, Unjust Enrichment, and Declaratory Judgement. [ECF No. 46].

9.     The Parties filed their Rule 26(f) Report and Proposed Scheduling Plan on September 23, 2024. [ECF No. 57].

10.     The Parties began discussing settlement and scheduled a mediation with Wayne Andersen, an experienced data breach mediator, for January 14, 2025.

11.     On September 27, 2024, the Parties filed a Joint Motion to Stay pending the outcome of their mediation. [ECF No. 58]. The Court granted the motion on September 30, 2024. [ECF No. 59].

12.     In advance of the mediation, Plaintiffs propounded informal discovery requests to learn as much as possible in advance of mediation, and WebTPA provided certain information in response to facilitate the mediation. The Parties also exchanged mediation briefs outlining their positions with respect to liability, damages, and settlement-related issues.

13.     The Parties mediated on January 14, 2025, and after a full day of negotiations and based upon a mediator's proposal, agreed upon the material terms of a settlement to settle all claims against the Defendants on January 21, 2025.

14.     On January 29, 2025, the Parties filed a Notice of Classwide Settlement and Motion to Continue Stay of Deadlines Pending Approval of Class Acton Settlement. [ECF No. 60]. The Court granted the motion on January 30, 2025. [ECF No. 61].

15.     The Parties now agree to settle the Action entirely, without any admission of liability or wrongdoing, with respect to all Released Claims of the Releasing Parties. Defendants have entered into this Agreement to resolve all controversies and disputes arising out of or relating

to the allegations made or which could have been made in the Complaint and to avoid the costs and expenses, distractions, burden, and disruption to their business operations associated with further litigation. Defendants do not in any way acknowledge, admit to, or concede any of the allegations made in the Complaint (and similarly do not concede any of the allegations in the other complaints in any related actions) and expressly disclaim and deny any fault, liability, or any charges of wrongdoing that have been or could have been asserted in the Complaint. Nothing contained in this Agreement shall be used or construed as an admission of liability, and this Agreement shall not be offered or received in evidence in any action or proceeding in any court or other forum as an admission or concession of liability or wrongdoing of any nature or for any purpose other than to enforce the terms of this Agreement. Plaintiffs have entered into this Agreement to recover on the claims which were or could have been asserted in the Complaint, and to avoid the risk, delay, and uncertainty of continued litigation. Plaintiffs do not in any way concede that the claims alleged in the Complaint lack merit or are subject to any defenses. The Parties intend this Agreement to bind Plaintiffs, Defendants, and all Settlement Class Members.

**NOW, THEREFORE,** in light of the foregoing, for good and valuable consideration, the receipt and sufficient of which is hereby mutually acknowledged, the Parties agree, subject to approval by the Court, as follows.

## II.    Definitions

16.    "**Action**" means the lawsuit entitled: *David Harrell v. WebTPA Employer Services, et al.* Case No. 3:24-cv-01158-L, filed in the United States District Court for the Northern District of Texas, Dallas Division, including all underlying cases that were consolidated into that action.

17.    "**Application for Attorneys' Fees, Costs, and Service Awards**" means the application made with the Motion for Final Approval seeking Service Awards for Class

4

Representatives and Class Counsel's attorneys' fees and reimbursement for costs.

18.        "**CAFA Notice**" means the Class Action Fairness Act Notice which the Settlement Administrator shall serve upon the appropriate state and federal officials, providing notice of the proposed Settlement. The Settlement Administrator shall provide a declaration attesting to compliance with 28 U.S.C. § 1715(b), which will be filed with the Motion for Final Approval.

19.        "**California Settlement Subclass**" means those members of the Settlement Class residing in California on April 18, 2023 – April 23, 2023.

20.        "**California Statutory Payment**" means the Settlement Class Member Benefit consisting of an estimated $50.00 cash payment that California Settlement Subclass members may elect under Section V herein.

21.        "**Cash Payment**" means compensation paid to Settlement Class Members who elected either Cash Payment A – Documented Losses, Cash Payment B – Flat Cash, or the California Statutory Payment, if applicable.

22.        "**Cash Payment A**" means the Settlement Class Member Benefit that Settlement Class members, who incurred documented losses, may elect under Section V herein.

23.        "**Cash Payment B**" means the Settlement Class Member Benefit consisting of an estimated $100.00 cash payment that Settlement Class Members may elect under Section V herein.

24.        "**Claim**" means the submission of a Claim Form by a Claimant.

25.        "**Claimant**" means a Settlement Class Member who submits a Claim Form.

26.        "**Claim Form**" means the proof of claim, substantially in the form attached hereto as ***Exhibit 3***, which may be modified, subject to the Parties' approval, to meet the requirements of the Settlement Administrator.

27.        "**Claim Form Deadline**" means 15 days before the initial scheduled Final

Approval Hearing and is the last day by which a Claim Form may be submitted to the Settlement Administrator for a Settlement Class Member to be eligible for a Cash Payment.

28.    "**Claim Process**" means the process by which Claimants may submit Claims to the Settlement Administrator for the election of Settlement Class Member Benefits.

29.    "**Class Counsel**" means Jeff Ostrow and Gary Klinger.

30.    "**Class List**" means a list of all individuals, including their names and addresses in the Settlement Class that WebTPA shall prepare and provide to the Settlement Administrator within five days of Preliminary Approval for the Notice using information in its records.

31.    "**Class Representatives**" means all Plaintiffs who signed this Agreement.

32.    "**Complaint**" means the Consolidated Class Action Complaint filed in the Action on June 18, 2024.

33.    "**Court**" means the United States District Court for the Northern District of Texas, Dallas Division, and the Judge(s) assigned to the Action.

34.    "**Data Incident**" means the alleged incident that occurred around and/or between April 18, 2023 and April 23, 2023, in which unauthorized third parties potentially gained access to Settlement Class Members' Private Information.

35.    "**Defendants**" means WebTPA Employer Services, LLC, Hartford Life and Accident Insurance Company, Anthem Blue Cross Blue Life and Health Insurance Company, and Elevance Health, Inc.

36.    "**Defendants' Counsel**" means Allison Holt Ryan, Hans Hertell, Blayne Thompson, and Abby Walter Gray of Hogan Lovells US LLP.

37.    "**Effective Date**" means 5 days after the entry of the Final Approval Order, provided there are no objections to the Settlement. If there are objections to the Settlement, then

the Effective Date shall be the later of: (a) 30 days after entry of the Final Approval Order if no appeals are taken from the Final Approval Order; or (b) if appeals are taken from the Final Approval Order, then the earlier of 30 days after the last appellate court ruling affirming the Final Approval Order or 30 days after the entry of a dismissal of the appeal.

38.    "**Escrow Account**" means the interest-bearing account to be established by the Settlement Administrator consistent with the terms and conditions described herein.

39.    "**Final Approval**" means the final approval of the Settlement, which occurs when the Court enters the Final Approval Order, substantially in the form attached to the Motion for Final Approval.

40.    "**Final Approval Hearing**" means the hearing held before the Court during which the Court will consider granting Final Approval of the Settlement and the Application for Attorneys' Fees and Costs.

41.    "**Final Approval Order**" means the final order that the Court enters granting Final Approval of the Settlement. The proposed Final Approval Order shall be in a form agreed upon by the Parties and shall be substantially in the form attached as an exhibit to the Motion for Final Approval. Final Approval Order also includes the orders, which may be entered separately, determining the amount of attorneys' fees and costs awarded to Class Counsel.

42.    "**Long Form Notice**" means the long form notice of the Settlement, substantially in the form attached hereto as ***Exhibit 2***, that shall be posted on the Settlement Website and shall be available to Settlement Class Members by mail on request made to the Settlement Administrator.

43.    "**Medical Monitoring**" means the Settlement Class Member Benefit consisting of two years of medical monitoring that Settlement Class Members may elect under Section V herein.

44.      "**Motion for Final Approval**" means the motion that Plaintiffs and Class Counsel shall file with the Court seeking Final Approval of the Settlement.

45.      "**Motion for Preliminary Approval**" means the motion that Plaintiffs shall file with the Court seeking Preliminary Approval of the Settlement.

46.      "**Notice**" means the Postcard Notice and Long Form Notice, that Plaintiffs and Class Counsel will ask the Court to approve in connection with the Motion for Preliminary Approval.

47.      "**Notice Program**" means the methods provided for in this Agreement for giving Notice and consists of the Postcard Notice and Long Form Notice, along with the Settlement Website and Settlement telephone line.

48.      "**Notice of Deficiency**" means the notice sent by the Settlement Administrator to a Settlement Class member who has submitted an invalid Claim.

49.      "**Objection Period**" means the period that begins the day after the earliest day on which the Notice is first distributed, and that ends no later than 30 days before the Final Approval Hearing.

50.      "**Opt-Out Period**" means the period that begins the day after the earliest day on which the Postcard Notice is first distributed, and that ends no later than 30 days before the Final Approval Hearing.

51.      "**Party**" means each of the Plaintiffs and the Defendants, and "Parties" means Plaintiffs and Defendants collectively.

52.      "**Plaintiffs**" means Tracy Bertocchini, Mark Ellak, Cory France, Chandra Chang, Sofia Bersineva, Heavenle Wood, Cynthia Austing, Belinda Gullette, Chanelle Zimmerman, Michael Brown, and Kenneth Reagan.

8

53.    "**Postcard Notice**" means the postcard notice of the Settlement, substantially in the form attached hereto as ***Exhibit 1***, that the Settlement Administrator shall disseminate to the Settlement Class by mail.

54.    "**Preliminary Approval**" means the preliminary approval of the Settlement, which occurs when the Court enters the Preliminary Approval Order, substantially in the form attached to the Motion for Preliminary Approval.

55.    "**Preliminary Approval Order**" means the order preliminarily approving the Settlement and proposed Notice Program.

56.    "**Private Information**" means Settlement Class members' information that may have been exposed in the Data Incident, which may include: names, telephone numbers, physical addresses, dates of birth, dates of death, insurance identifier information, and Social Security numbers.

57.    "**Releases**" means the releases and waiver set forth in Section XIII of this Agreement.

58.    "**Released Claims**" means the claims described in Section XIII of this Agreement.

59.    "**Released Parties**" means Defendants, and their present and former parents, subsidiaries, divisions, departments, affiliates, predecessors, successors and assigns, and any and all of their past, present, and future directors, officers, executives, officials, principals, stockholders, heirs, employees, attorneys, agents, insurers, reinsurers, members, attorneys, accountants, actuaries, fiduciaries, advisors, consultants, representatives, partners, joint venturers, licensees, licensors, independent contractors, subrogees, trustees, executors, administrators, predecessors, successors and assigns, and any other person acting by, for, or on Defendants' behalf, in their capacity as such. "Released Parties" also includes any Covered Entity end-clients of

Defendants whose customers' information may have been exposed in the Data Incident. It is expressly understood that to the extent a Released Party is not a party to the Agreement, all such Released Parties are intended third-party beneficiaries of the Agreement.

60.    "**Releasing Parties**" means (i) Plaintiffs and all Settlement Class Members, (ii) each of their respective executors, representatives, heirs, predecessors, assigns, beneficiaries, affiliates, successors, bankruptcy trustees, guardians, joint tenants, tenants in common, tenants by the entireties, agents, attorneys, (iii) any entities in which a Plaintiff and/or other participating Settlement Class Member has or had a controlling interest or that has or had a controlling interest in him, her, or it, (iv) any other person or entity (including any governmental entity) claiming by or through, on behalf of, for the benefit of, derivatively for, or as representative of a Plaintiff and/or any other Settlement Class Member, and all those who claim through them or on their behalf, and (v) the respective past and present directors, governors, executive-committee members, officers, officials, employees, members, partners, principals, agents, attorneys, advisors, trustees, administrators, fiduciaries, consultants, service providers, representatives, successors in interest, assigns, beneficiaries, heirs, executors, accountants, accounting advisors, and auditors of any or all of the above persons or entities identified in (i)-(iv).

61.    "**Service Awards**" shall mean the payment the Court may award the Plaintiffs for serving as Class Representatives.

62.    "**Settlement Administrator**" means Kroll, LLC or "Kroll."

63.    "**Settlement Administration Costs**" means all costs and fees of the Settlement Administrator regarding Notice and Settlement administration.

64.    "**Settlement Class**" means all persons in the United States who were sent notification from Defendants that their Private Information was potentially compromised as a

result of the Data Incident. Excluded from the Settlement Class are (a) all persons who are governing board members of Defendants; (b) governmental entities; and (c) the Court, the Court's immediate family, and Court staff.

65.    "**Settlement Class Member**" means any member of the Settlement Class who has not opted-out of the Settlement.

66.    "**Settlement Class member**" means a member of the Settlement Class.

67.    "**Settlement Class Member Benefit**" means the Cash Payment and/or Medical Monitoring, elected by Settlement Class Members.

68.    "**Settlement Fund**" means the non-reversionary $13,750,000.00 in cash that Defendant WebTPA has agreed to pay or cause to be paid under the terms of the Settlement.

69.    "**Settlement Website**" means the website the Settlement Administrator will establish as a means for the Settlement Class members to submit Claim Forms and obtain notice and information about the Settlement, including hyperlinked access to this Agreement, the Preliminary Approval Order, Long Form Notice, Claim Form, Motion for Final Approval, Application for Attorneys' Fees, Costs and Service Awards, and Final Approval Order, as well as other documents as the Parties agree to post or the Court orders posted. The Settlement Website shall remain online and operable for six months after Final Approval.

70.    "**Valid Claim**" means a Claim Form submitted by a Settlement Class Member that is: (a) submitted in accordance with the provisions of the Settlement; (b) accurately, fully, and truthfully completed and executed, with all of the information requested in the Claim Form, by a Settlement Class Member; (c) signed physically or by e-signature by a Settlement Class Member personally, subject to the penalty of perjury; (d) returned via mail and postmarked by the Claim Form Deadline, or, if submitted online, submitted by 11:59 p.m. Central time on the Claim Form

Deadline; and (e) determined to be valid by the Settlement Administrator. The Settlement Administrator may require additional information from the Claimant to validate the Claim, including, but not limited to, answers related to questions regarding the validity or legitimacy of the physical or e-signature. Failure to respond to the Settlement Administrator's Notice of Deficiency may result in a determination that the Claim is not a Valid Claim.

71.    "**WebTPA**" means WebTPA Employer Services, LLC.

### III.    <u>Settlement Fund</u>

72.    Within 21 days of Preliminary Approval, Defendants shall deposit or cause to be deposited $3,000,000.00 into the Escrow Account to cover the Settlement Administrator's reasonable set-up costs, notice, and early administration costs. Defendants shall deposit or cause to be deposited the balance of the Settlement Fund ($10,750,000.00) into the same Escrow Account within 30 days of the Effective Date. Once the Settlement Fund is fully funded, Defendants shall not be required to pay any more money under this Settlement. The Settlement Fund shall be used to pay: (1) Settlement Class Member Benefits to those Settlement Class Members who submit Valid Claims; (2) any Service Awards awarded to Class Representatives; (3) any attorneys' fees and costs awarded to Class Counsel; and (4) all Settlement Administration Costs.

73.    The funds in the Escrow Account shall be deemed a "qualified settlement fund" within the meaning of United States Treasury Reg. § 1.468B-l at all times since creation of the Escrow Account. All interest shall accrue for the benefit of the Settlement Class Members. All taxes (including any estimated taxes, and any interest or penalties relating to them) arising with respect to the income earned by the Escrow Account or otherwise, including any taxes or tax detriments that may be imposed on Defendants, Defendants' Counsel, Plaintiffs, and/or Class Counsel with respect to income earned by the Escrow Account, for any period during which the

Escrow Account does not qualify as a "qualified settlement fund" for the purpose of federal or state income taxes or otherwise, shall be paid out of the Escrow Account. Defendants, Defendants' Counsel, Plaintiffs, and Class Counsel shall have no liability or responsibility for any of the taxes. The Escrow Account shall indemnify and hold Defendants, Defendants' Counsel, Plaintiffs, and Class Counsel harmless for all taxes (including, without limitation, taxes payable by reason of any such indemnification).

74.    The Settlement Administrator shall provide an accounting of any and all funds in the Settlement Fund, including any interest accrued thereon and payments made pursuant to this Agreement, upon request of any of the Parties.

## IV.    Certification of the Settlement Class

75.    Plaintiffs shall propose and recommend to the Court that the Settlement Class be certified for Settlement purposes only. Defendants agree solely for purposes of the Settlement provided for in this Agreement, and the implementation of such Settlement, that this Action shall proceed as a class action; provided however, that if a Final Approval Order is not issued, then any certification shall be null and void and, for the avoidance of doubt, Defendants shall retain all rights to object to any future requests to certify a class. Plaintiffs and Class Counsel shall not reference this Agreement in support of any subsequent motion for class certification of any class in the Action.

## V.    Settlement Consideration

76.    When submitting a Claim for a Cash Payment, Settlement Class Members must choose either Cash Payment A or Cash Payment B, and if applicable, a California Statutory Payment. Additionally, all Settlement Class Members are eligible to Claim Medical Monitoring. If a Settlement Class Member does not submit a Valid Claim, the Settlement Class Member will

release his or her claims against Defendants without receiving a Settlement Class Member Benefit.

### a.   Cash Payment A –Documented Losses

Settlement Class Members may submit a claim for a Cash Payment under this section for up to $5,000.00 per Settlement Class Member upon presentment of documented losses related to the Data Incident. To receive a documented loss payment, a Settlement Class Member must elect Cash Payment A – Documented Losses on the Claim Form attesting under penalty of perjury to incurring documenting losses. Settlement Class Members will be required to submit reasonable documentation supporting the losses. Settlement Class Members shall not be reimbursed for expenses if they have been reimbursed for the same expenses by another source, including compensation provided in connection with the credit monitoring and identity theft protection product offered as part of the notification letter provided by Defendants or otherwise. If a Settlement Class Member does not submit reasonable documentation supporting a loss, or if their Claim is rejected by the Settlement Administrator for any reason, and the Settlement Class Member fails to cure his or her Claim, the Claim will be rejected and the Settlement Class Member's Claim will be as if they elected Cash Payment B.

### b.   Cash Payment B – Flat Cash Payment

As an alternative to Cash Payment A above, a Settlement Class Member may elect to receive Cash Payment B, which is a flat cash payment estimated in the amount of $100.00.

### c.   California Statutory Payment

All Settlement Class members residing in California between April 18, 2023 and April 23, 2023 are California Settlement Subclass members under this Settlement and are entitled to Claim a California Statutory Payment for an additional cash payment estimated in the amount of $50.00.

### d.    Medical Monitoring

In addition to electing Cash Payment A or Cash Payment B, and the California Statutory Payment, if applicable, Settlement Class Members may elect two years of CyEx Medical Shield medical monitoring that will provide the following benefits: medical identity monitoring, real-time alerts, and insurance coverage for up to $1,000,000 for medical identity theft. The Medical Monitoring Settlement Class Member Benefit has an estimated value of $90.00 per year per Settlement Class Member.

77.    ***Pro Rata* Adjustments on Cash Payments** – All Settlement Class Cash Payments (Cash Payment A, Cash Payment B, and California Statutory Payment) will be subject to a *pro rata* increase from the Settlement Fund in the event the amount of Valid Claims is insufficient to exhaust the entire Settlement Fund. Similarly, in the event the amount of Valid Claims exhausts the amount of the Settlement Fund, the amount of the Cash Payments may be reduced *pro rata* accordingly. For purposes of calculating the *pro rata* increase or decrease, the Settlement Administrator must distribute the funds in the Settlement Fund first for payment of Medical Monitoring and then for Cash Payments. Any *pro rata* increases or decreases to Cash Payments will be on an equal percentage basis. In the unexpected event the value of Medical Monitoring on its own exhausts the amount of the Settlement Fund, the length of the Medical Monitoring provided will be reduced as necessary to bring the cost within the Settlement Fund.

78.    **Business Practice Changes** - WebTPA agrees that it has, and will continue to, undertake reasonable steps to further secure its systems and environments. WebTPA has provided confidential discovery regarding the number of individuals in the Settlement Class broken down by state of residence, the facts and circumstances of the Data Incident and WebTPA's response thereto, and the changes and improvements that have been made or are being made to protect class

members' Private Information.

## VI.    <u>Settlement Approval</u>

79.    Upon execution of this Agreement by all Parties and Class Counsel, Class Counsel shall file a Motion for Preliminary Approval. The proposed Preliminary Approval Order shall be attached to the motion as an exhibit and shall be in a form agreed to by Class Counsel and Defendants.

80.    The Motion for Preliminary Approval shall, among other things, request the Court: (1) preliminarily approve the terms of the Settlement as being within the range of fair, adequate, and reasonable; (2) provisionally certify the Settlement Class for settlement purposes only; (3) approve the Notice Program set forth herein and approve the form and content of the Notices of the Settlement; (4) approve the Claim Form and Claim Process; (5) approve the procedures for individuals in the Settlement Class to opt-out of or object to the Settlement; (6) stay the Action and related actions pending Final Approval of the Settlement; and (7) schedule a Final Approval Hearing for a time and date mutually convenient for the Court, Class Counsel, and Defendants' Counsel.

## VII.    <u>Settlement Administrator</u>

81.    The Parties agree that, subject to Court approval, Kroll shall be the Settlement Administrator. The Parties shall jointly oversee the Settlement Administrator. The Settlement Administrator shall fulfill the requirements set forth in the Preliminary Approval Order and the Agreement and comply with all applicable laws, including, but not limited to, the Due Process Clause of the United States Constitution.

82.    The Settlement Administrator shall administer various aspects of the Settlement as described in the next paragraph and perform such other functions as are specified for the Settlement

Administrator elsewhere in this Agreement, including, but not limited to, effectuating the Notice Program, handling the Claims process, administering the Settlement Fund, and distributing the Cash Payments to Settlement Class Members who submit Valid Claims.

83.    The Settlement Administrator's duties include to:

a.    Complete the Court-approved Notice Program by noticing the Settlement Class by Postcard Notice, sending Long Form Notices and paper Claim Forms on request from individuals in the Settlement Class, reviewing Claim Forms, notifying Claimants of deficient Claim Forms using the Notice of Deficiency, and sending Settlement Class Member Benefits to Settlement Class Members who submit a Valid Claim;

b.    Establish and maintain the Settlement Fund in the Escrow Account approved by the Parties;

c.    Establish and maintain a post office box to receive opt-out requests from the Settlement Class, objections from Settlement Class Members, and Claim Forms;

d.    Establish and maintain the Settlement Website to provide important information about the Settlement and to receive electronic Claim Forms;

e.    Establish and maintain an automated toll-free telephone line for the Settlement Class to call with Settlement-related inquiries, and answer frequently asked questions of individuals in the Settlement Class who call with or otherwise communicate such inquiries;

f.    Respond to any mailed Settlement Class member inquiries;

g.    Process all opt-out requests from the Settlement Class;

h.    Provide weekly reports to Class Counsel and Defendants' Counsel that summarize the number of Claims submitted, Claims approved and rejected, Notices of Deficiency sent, opt-out requests and objections received that week, the total number of valid opt-out requests

and objections received to date, and other pertinent information;

   i. In advance of the Final Approval Hearing, prepare a declaration confirming the Notice Program was completed in accordance with the terms of this Agreement and the Preliminary Approval Order, describing how the Notice Program was completed, indicating the number of Claim Forms received, providing the names of each individual in the Settlement Class who timely and properly requested to opt-out from the Settlement Class, indicating the number of objections received, and other information as may be necessary to allow the Parties to seek and obtain Final Approval;

   j. Distribute, out of the Settlement Fund, Cash Payments by electronic means or by paper check;

   k. Send Settlement Class Members who elect Medical Monitoring emails instructing how to activate their Medical Monitoring service;

   l. Pay Court-approved attorneys' fees and costs, and Service Awards out of the Settlement Fund;

   m. Pay Settlement Administration Costs out of the Settlement Fund following approval by Class Counsel; and

   n. Any other Settlement Administration function at the instruction of Class Counsel and Defendants' Counsel, including, but not limited to, verifying that the Settlement Fund has been properly administered and that the Cash Payments have been properly distributed.

  84. The Notice Program and Notices will be reviewed and approved by the Settlement Administrator. However, the Notices may be revised as agreed upon by the Parties prior to submission to the Court for approval. Immaterial revisions to the Notices may also be made prior to dissemination of the Notice.

85.    The Parties, Settlement Class Counsel, and Defendants' Counsel shall not have any liability whatsoever with respect to (1) any act, omission, or determination of the Settlement Administrator, or any of its respective designees or agents, in connection with the administration of the Settlement or otherwise; (2) the management, investment, or distribution of the Settlement Fund; (3) the formulation, design, or terms of the disbursement of the Settlement Fund; (4) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (5) any losses suffered by or fluctuations in the value of the Settlement Fund; or (6) the payment or withholding of any taxes and tax-related expenses.

**VIII.    Notice to the Settlement Class**

86.    WebTPA will make available to the Settlement Administrator the Class List no later than 5 days after entry of the Preliminary Approval Order.

87.    Within 30 days following entry of the Preliminary Approval Order, the Settlement Administrator shall commence the Notice Program provided herein, using the forms of Notice approved by the Court. Postcard Notice shall be disseminated via U.S. Mail to the Settlement Class. Notice shall also be published on the Settlement Website.

88.    The Notice shall include, among other information: a description of the material terms of the Settlement; how to submit a Claim Form; the Claim Form Deadline; the last day of the Opt-Out Period for individuals in the Settlement Class to opt-out of the Settlement Class; the last day of the Objection Period for Settlement Class Members to object to the Settlement and/or Application for Attorneys' Fees, Costs and Service Awards; the Final Approval Hearing date; and the Settlement Website address at which Settlement Class members may access this Agreement and other related documents and information. Class Counsel and Defendants' Counsel shall insert the correct dates and deadlines in the Notice before the Notice Program commences, based upon

19

those dates and deadlines set by the Court in the Preliminary Approval Order. If the date or time for the Final Approval Hearing changes, the Settlement Administrator shall update the Settlement Website to reflect the new date. No additional notice to the Settlement Class is required if the date or time for the Final Approval Hearing changes.

89.    The Settlement Administrator shall establish the Settlement Website no later than the day before Notice is first initiated. The Settlement Administrator shall ensure the Settlement Website makes available the Court-approved online Claims Form that can be submitted directly on the Settlement Website or in printable version that can be sent by U.S. Mail to the Settlement Administrator.

90.    The Long Form Notice also shall include a procedure for individuals in the Settlement Class to opt-out of the Settlement; and the Postcard Notice shall direct individuals in the Settlement Class to review the Long Form Notice to obtain the opt-out instructions. Individuals in the Settlement Class may opt-out of the Settlement Class at any time during the Opt-Out Period by mailing a request to opt-out to the Settlement Administrator postmarked no later than the last day of the Opt-Out Period. The opt-out request must be personally signed by the Settlement Class member and contain the name, address, telephone number, and email address (if any), and include a statement indicating a request to be excluded from the Settlement Class. Any individual in the Settlement Class who does not timely and validly request to opt out shall be bound by the terms of this Agreement even if he or she does not submit a Valid Claim.

91.    No person shall purport to exercise any exclusion rights of any other person, or purport (a) to opt-out Settlement Class members as a group, in the aggregate, or as a class involving more than one Settlement Class member; or (b) to opt-out more than one Settlement Class member on a single paper, or as an agent or representative. Any such purported opt-out requests shall be

void, and the Settlement Class member(s) who is or are the subject of such purported opt-out requests shall be treated as a Settlement Class member and be bound by this Agreement, including the Releases contained herein, and judgment entered thereon, unless he or she individually submits a valid and timely opt-out request.

92.     The Long Form Notice also shall include a procedure for the Settlement Class to object to the Settlement and/or Application for Attorneys' Fees, Costs, and Service Awards, and the Postcard Notice shall direct the Settlement Class to review the Long Form Notice to obtain the objection instructions. Objections must be mailed to the Clerk of the Court, Class Counsel, Defendants' Counsel, and the Settlement Administrator. For an objection to be considered by the Court, the objection must be submitted no later than the last day of the Objection Period, as specified in the Notice. If submitted by mail, an objection shall be deemed to have been submitted when posted if received with a postmark date indicated on the envelope if mailed first-class postage prepaid and addressed in accordance with the instructions. If submitted by private courier (e.g., Federal Express), an objection shall be deemed to have been submitted on the shipping date reflected on the shipping label.

93.     For an objection to be considered by the Court, the objection must also set forth:

        a.     the objector's full name, mailing address, telephone number, and email address (if any);

        b.     all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel;

        c.     the number of times the objector has objected to a class action settlement within the 5 years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon

the objector's prior objections that were issued by the trial and appellate courts in each listed case;

d.    the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement and/or Application for Attorneys' Fees, Costs, and Service Awards;

e.    the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the 5 years preceding the date of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding 5 years;

f.    any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity;

g.    the identity of all counsel (if any) representing the objector who will appear at the Final Approval Hearing;

h.    a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection (if any);

i.    a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

j.    the objector's signature (an attorney's signature is not sufficient).

Class Counsel and/or Defendants' Counsel may conduct limited discovery on any objector or objector's counsel.

94.    The Settlement Administrator shall perform reasonable mailing address traces for

those Settlement Class members whose Postcard Notices are returned as undeliverable. By way of example, a reasonable tracing procedure would be to run addresses of returned postcards through the Lexis/Nexis database that can be utilized for such purpose. No later than 45 days before the original date set for the Final Approval Hearing, the Settlement Administrator shall complete the re-mailing of Postcard Notice to those Settlement Class members whose new addresses were identified as of that time through address traces.

95.    The Notice Program shall be completed no later than 45 days before the original date set for the Final Approval Hearing.

**IX.    Claim Process and Disbursement of Cash Payments**

96.    The Notice will explain to the Settlement Class that they may be entitled to a Settlement Class Member Benefit and how to submit a Claim Form.

97.    Claim Forms may be submitted online through the Settlement Website or through U.S. Mail by sending them to the Settlement Administrator at the address designated on the Claim Form.

98.    The Settlement Administrator shall collect, review, and address each Claim Form received to determine whether the Claim Form meets the requirements set forth in this Settlement and is thus a Valid Claim. The Settlement Administrator shall examine the Claim Form before designating the Claim as a Valid Claim to determine that the information on the Claim Form is reasonably complete. The Settlement Administrator shall have the sole authority to determine whether a Claim by any Claimant is a Valid Claim.

99.    The Settlement Administrator shall use all reasonable efforts and means to identify and reject duplicate claims. No Settlement Class Member may submit more than one Claim Form. The Settlement Administrator shall identify any Claim Forms that appear to seek relief on behalf

of the same Settlement Class Member. The Settlement Administrator shall use its best efforts to determine whether there is any duplication of claims, and if there is, contact the Settlement Class Member in an effort to determine which Claim Form is the appropriate one for consideration.

100.     The Settlement Administrator shall exercise, in its discretion, all usual and customary steps to prevent fraud and abuse and take any reasonable steps to prevent fraud and abuse in the Claim process. The Settlement Administrator may, in its discretion, deny in whole or in part any Claim Form to prevent actual or possible fraud or abuse. By agreement, the Parties can instruct the Settlement Administrator to take whatever steps it deems appropriate if the Settlement Administrator identifies actual or possible fraud or abuse relating to the submission of claims, including, but not limited to, denying in whole or in part any Claim to prevent actual or possible fraud or abuse. If any fraud is detected or reasonably suspected, the Settlement Administrator and Parties may require information from Claimants or deny Claims, subject to the supervision of the Parties and ultimate oversight by the Court.

101.     Claim Forms that do not meet the terms and conditions of this Settlement shall be promptly rejected by the Settlement Administrator and the Settlement Administrator shall advise the Claimant or Settlement Class Member of the reason(s) why the Claim Form was rejected. However, if the Claim Form is rejected for containing incomplete or inaccurate information, and/or omitting required information, the Settlement Administrator may send a Notice of Deficiency explaining what information is missing or inaccurate and needed to validate the Claim and have it submitted for consideration. The Settlement Administrator shall notify the Claimant using the contact information provided in the Claim Form. The additional information and/or documentation can include, for example, answers to questions regarding the validity of the Claimant's physical or e-signature. A Claimant shall have until the Claim Form Deadline, or 15 days from the date the

Notice of Deficiency is sent to the Claimant via mail and postmarked or via email, whichever is later, to reply to the Notice of Deficiency and provide the required information. If the Claimant timely and adequately provides the requested information and/or documentation, the Claim shall be deemed a Valid Claim and processed by the Settlement Administrator. If the Claimant does not timely and completely provide the requested information and/or documentation, the Settlement Administrator shall reduce or deny the Claim unless Defendants and Class Counsel otherwise agree.

102.    Where a good faith basis exists, the Settlement Administrator may reduce or reject a Claim for, among other reasons, the following:

a.    Failure to fully complete and/or sign the Claim Form;

b.    Illegible Claim Form;

c.    The Claim Form is fraudulent;

d.    The Claim Form is duplicative of another Claim Form;

e.    The Claimant is not a Settlement Class Member;

f.    The Claimant submitted a timely and valid request to opt out of the Settlement Class.

g.    The person submitting the Claim Form requests that payment be made to a person or entity other than the Claimant for whom the Claim Form is submitted;

h.    Failure to submit a Claim Form by the Claim Form Deadline; and/or

i.    The Claim Form otherwise does not comply with the requirements of this Settlement.

103.    The Settlement Administrator's reduction or denial of a Claim is final, subject to the following dispute resolution procedures:

a.    The Settlement Administrator shall have 30 days from the Claim Form Deadline to approve or reject Claims based on findings of fraud or duplication.

b.    A request for additional information by sending a Notice of Deficiency shall not be considered a denial for purposes of this Paragraph.

c.    If a Claim is rejected for fraud or duplication, the Settlement Administrator shall notify the Claimant using the contact information provided in the Claim Form. Class Counsel and Defendants' Counsel shall be provided with copies of all such notifications to Claimants.

d.    The Settlement Administrator's determination as to whether to approve, deny, or reduce a Claim shall be final and binding.

104.    The Settlement Administrator shall provide all information gathered in investigating Claims, including, but not limited to, copies of all correspondence and email and all notes of the Settlement Administrator, the decision reached, and all reasons supporting the decision, if requested by Class Counsel or Defendants' Counsel. Additionally, Class Counsel and Defendants' Counsel shall have the right to inspect the Claim Forms and supporting documentation received by the Settlement Administrator at any time upon reasonable notice.

105.    No person or entity shall have any claim against Defendants, Defendants' Counsel, Plaintiffs, the Settlement Class, Class Counsel, and/or the Settlement Administrator based on any eligibility determinations, distributions, or awards made in accordance with this Settlement.

106.    No later than 75 days after Final Approval or 75 days after the Effective Date, whichever is later, the Settlement Administrator shall distribute the Settlement Class Member Benefits.

107.    Cash Payments to Settlement Class Members will be made electronically or by paper check. Settlement Class Members with Valid Claims shall receive an email instructing them

to select the type of payment they wish to receive. Upon issuance of the email, Settlement Class Members shall have 30 days to select their method of payment. Settlement Class Members who do not open their email or provide incorrect or incomplete electronic payment information shall receive a paper check in the mail. Settlement Class Members receiving payment by check shall have 180 days to negotiate the check.

108.    The Settlement Administrator will send an email to Settlement Class Members with Valid Claims that elected Medical Monitoring with information on how to enroll in the Medical Monitoring, including the activation code.

## X.    Final Approval Order and Final Judgment

109.    Plaintiffs shall file their Motion for Final Approval of the Settlement, inclusive of the Application for Attorneys' Fees, Costs, and Service Awards, no later than 45 days before the original date set for the Final Approval Hearing. At the Final Approval Hearing, the Court will hear argument on Plaintiffs' Motion for Final Approval of the Settlement and Application for Attorneys' Fees, Costs, and Service Awards. In the Court's discretion, the Court also will hear argument at the Final Approval Hearing from any Settlement Class Members (or their counsel) who object to the Settlement and/or to the Application for Attorneys' Fees, Costs, and Service Awards, provided the objectors submitted timely objections that meet all of the requirements listed in the Agreement.

110.    At or following the Final Approval Hearing, the Court will determine whether to enter the Final Approval Order and final judgment thereon, and whether to grant the Application for Attorneys' Fees, Costs, and Service Awards. Such proposed Final Approval Order shall, among other things:

a.    Determine that the Settlement is fair, adequate and reasonable;

b.    Finally certify the Settlement Class for settlement purposes only;

c.    Determine that the Notice Program satisfies Due Process requirements;

d.    Bar and enjoin all Releasing Parties from asserting any of the Released Claims at any time and in any jurisdiction, including during any appeal from the Final Approval Order; bar and enjoin all Releasing Parties from pursuing any Released Claims against Released Parties at any time and in any jurisdiction, including during any appeal from the Final Approval Order; and retain jurisdiction over the enforcement of the Court's injunctions;

e.    Release Defendants and the Released Parties from the Released Claims; and

f.    Reserve the Court's continuing and exclusive jurisdiction over the Parties to this Agreement, including Defendants, Plaintiffs, all Settlement Class Members, and all objectors, to administer, supervise, construe, and enforce this Agreement in accordance with its terms.

## XI.    **Service Awards, Attorneys' Fees, and Costs**

111.    ***Service Awards*** – In recognition of the time and effort the Class Representatives expended in pursuing this Action and in fulfilling their obligations and responsibilities as Class Representatives, and of the relief conferred on all Settlement Class Members by the Settlement, Class Counsel shall request a Service Award for the Class Representatives in the amount not to exceed $1,500.00 each. If approved, the Service Awards shall be paid by the Settlement Administrator out of the Settlement Fund within 35 days of the Effective Date. The Service Award payments to the Class Representatives shall be separate and apart from their entitlement to Settlement Class Member Benefits.

112.    ***Attorneys' Fees and Costs*** - Class Counsel shall apply to the Court for an award of attorneys' fees of up to 33.33% of the Settlement Fund, plus reimbursement of costs. The attorneys'

fees and cost awards approved by the Court shall be paid by the Settlement Administrator out of the Settlement Fund by wire transfer to an account designated by Class Counsel, within 35 days of the Effective Date.

113.    This Settlement is not contingent on approval of the request for attorneys' fees and costs or Service Awards, and if the Court denies the request or grants amounts other than what was requested, the remaining provisions of the Agreement shall remain in force. The provisions for attorneys' fees and costs and the Service Awards were not negotiated until after all material terms of the Settlement. The amount and timing of Service Awards is intended to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement. No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the amount of the Service Awards shall constitute grounds for termination of this Agreement.

## XII.    Disposition of Residual Funds

114.    The Settlement is designed to exhaust the Settlement Fund. In the event there are funds remaining from uncashed checks in the Settlement Fund 20 days following the 180-day check negotiation period, all remaining funds shall be distributed to an appropriate mutually agreeable *cy pres* recipient to be approved by the Court.

## XIII.    Releases

115.    As of the Effective Date, the Releasing Parties shall automatically be deemed to have fully, finally, and irrevocably released and forever discharged the Released Parties of, and shall be forever barred from instituting, maintaining, or prosecuting, any and all liabilities, rights, claims, actions, causes of action, demands, damages, costs, attorneys' fees, losses and remedies, whether known or unknown, asserted or unasserted, existing or potential, suspected or

unsuspected, liquidated or unliquidated, legal, statutory, or equitable, based on contract, tort or any other theory, whether on behalf of themselves or others, that result from, arise out of, are based upon, or relate to (a) the Data Incident; or (b) any of the alleged violations of laws or regulations cited or which could have been cited in the Complaint or Action.

116.    Plaintiffs and Settlement Class Members covenant and agree they will not take any step whatsoever to assert, sue on, continue, pursue, maintain, prosecute, or enforce any Released Claim, directly or indirectly, whether on behalf of themselves or others, against any of the Released Parties in any jurisdiction.

117.    Individuals in the Settlement Class who opt-out of the Settlement prior to the Opt-Out Deadline do not release their claims and will not obtain any benefits under the Settlement. With respect to the Released Claims, Plaintiffs and Settlement Class Members expressly understand and acknowledge it is possible that unknown economic losses or claims exist or that present losses may have been underestimated in amount or severity. Plaintiffs and Settlement Class Members explicitly took that into account in entering into this Agreement, and a portion of the consideration and the mutual covenants contained herein, having been bargained for between Plaintiffs and Defendants with the knowledge of the possibility of such unknown claims for economic loss, were given in exchange for a full accord, satisfaction, and discharge of all such claims. Consequently, Plaintiffs and the Settlement Class Members shall be deemed to have, and by operation of the Settlement shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code (to the extent it is applicable, or any other similar provision under federal, state or local law to the extent any such provision is applicable), which reads:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO

EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Upon the Effective Date, each of the Releasing Parties shall be deemed to have, and shall have, waived any and all provisions, rights, and benefits conferred by any law of any state, the District of Columbia or territory of the United States, by federal law, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code. Class Representatives, the Settlement Class Members, and the Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Data Incident, Complaint, and/or Release, but that it is their intention to finally and forever settle and release the Released Claims, including but not limited to any unknown claims they may have. The Parties acknowledge, and Settlement Class Members shall be deemed by operation of the Agreement to have acknowledged, that the foregoing waiver is a material term of the Agreement.

118. Plaintiffs or Settlement Class Members may hereafter discover facts other than or different from those that he or she knows or believes to be true with respect to the subject matter of the Released Claims, or the law applicable to such claims may change. Nonetheless, each of those individuals expressly agrees that, as of the Effective Date, he or she shall have automatically and irrevocably waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, contingent or non-contingent claims with respect to all of the matters described in or subsumed by this Agreement. Further, each of those individuals agrees and acknowledges that he or she shall be bound by this Agreement, including by the release herein and that all of their claims in the Action shall be

dismissed with prejudice and released, whether or not such claims are concealed or hidden; without regard to subsequent discovery of different or additional facts and subsequent changes in the law; and even if he or she never receives actual notice of the Settlement and/or never receives a Cash Payment from the Settlement.

119.    Upon the Effective Date: (a) this Settlement shall be the exclusive remedy for any and all Released Claims of Plaintiffs and Settlement Class Members; and (b) Plaintiffs and Settlement Class Members stipulate to be and shall be permanently barred and enjoined by Court order from initiating, asserting, or prosecuting any Released Claim against the Released Parties, whether on behalf of Plaintiffs, any Settlement Class Member, or others, in any jurisdiction, including in any federal, state, or local court or tribunal.

## XIV.  **Termination of Settlement**

120.    This Agreement shall be subject to and is expressly conditioned on the occurrence of all of the following events:

a.    Court approval of the Settlement consideration set forth in Section V and the Releases set forth in Section XIII of this Agreement;

b.    The Court has entered the Preliminary Approval Order;

c.    The Court has entered the Final Approval Order, and all objections, if any, are overruled, and all appeals taken from the Final Approval Order are resolved in favor of Final Approval; and

d.    The Effective Date has occurred.

121.    Defendants shall have the option to terminate this Agreement by notifying Class Counsel and the Court of its intent to do so within 14 days after any of the following: (a) the Court's refusal to grant preliminary approval of the Settlement in any material respect; (b) the end

of the Opt-Out Period, if more than 10,000 members of the Settlement Class opt-out of the Settlement; (c) the Court's refusal to enter the Final Approval Order and Judgment in any material respect, or (d) the date upon which the Final Approval Order and Judgment is modified or reversed in any material respect by any appellate or other court. This Agreement shall terminate five (5) days after such written notice is provided.

122.    In the event this Agreement is terminated or fails to become effective, then the Parties shall return to the *status quo ante* in the Action as if the Parties had not entered into this Agreement, and the parties shall jointly file a status report in the Court seeking to reopen the Action and all papers filed. In such event, the terms and provisions of this Agreement shall have no further force and effect with respect to the Parties and shall not be used in this case or in any other action or proceeding for any other purpose, and any order entered by this Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*.

123.    In the event this Agreement is terminated or fails to become effective, all funds in the Settlement Fund shall be promptly returned to Defendants. However, Defendants shall have no right to seek from Plaintiffs, Class Counsel, or the Settlement Administrator the Settlement Administration Costs paid by Defendants. After payment of any Settlement Administration Costs that have been incurred and are due to be paid from the Settlement Fund, the Settlement Administrator shall return the balance of the Settlement Fund to Defendants within 21 days of termination.

### XV.    **Effect of Termination**

124.    The grounds upon which this Agreement may be terminated are set forth in Section XIV. In the event of a termination, this Agreement shall be considered null and void; all of Plaintiffs', Class Counsel's, Defendants', and Defendants' Counsel's obligations under the

Settlement shall cease to be of any force and effect; and the Parties shall return to the *status quo ante* in the Action as if the Parties had not entered into this Agreement. In addition, in the event of such a termination, all of the Parties' respective pre-Settlement rights, claims, and defenses will be retained and preserved. Any Court orders preliminarily or finally approving certification of the Settlement Class and any other orders entered pursuant to the Agreement shall be deemed null and void and vacated.

125.    In the event the Settlement is terminated in accordance with the provisions of this Agreement, any discussions, offers, or negotiations associated with this Settlement shall not be discoverable or offered into evidence or used in the Action or any other action or proceeding for any purpose. In such event, all Parties to the Action shall stand in the same position as if this Agreement had not been negotiated, made, or filed with the Court.

## XVI.    <u>No Admission of Liability</u>

126.    This Agreement reflects the Parties' compromise and settlement of disputed claims. This Agreement shall not be construed as or deemed to be evidence of an admission or concession of any point of fact or law. Defendants have denied and continue to deny each of the claims and contentions alleged in the Complaint. Defendants specifically deny that a class could or should be certified in the Action for litigation purposes. Defendants do not admit any liability or wrongdoing of any kind, by this Agreement or otherwise. Defendants have agreed to enter into this Agreement to avoid the further expense, inconvenience, and distraction of burdensome and protracted litigation, and to be completely free of any further claims that were asserted or could possibly have been asserted in the Action.

127.    Class Counsel believe the claims asserted in the Action have merit, and they have examined and considered the benefits to be obtained under the proposed Settlement set forth in

this Agreement, the risks associated with the continued prosecution of this complex, costly, and time-consuming litigation, and the likelihood of success on the merits of the Action. Class Counsel fully investigated the facts and law relevant to the merits of the claims, conducted discovery, and conducted independent investigation of the alleged claims. Class Counsel concluded that the proposed Settlement set forth in this Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class.

128.    This Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties in connection with the negotiations of this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any party of any fault, liability, or wrongdoing of any kind whatsoever.

129.    Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by the Plaintiffs or the Settlement Class, or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission of any of the Released Parties, in the Action or in any proceeding in any court, administrative agency, or other tribunal.

130.    In addition to any other defenses Defendants may have at law, in equity, or otherwise, to the extent permitted by law, this Agreement may be pleaded as a full and complete defense to and may be used as the basis for an injunction against any action, suit, or other proceeding that may be instituted, prosecuted, or attempted in breach of this Agreement or the Releases contained herein.

## XVII.  **Miscellaneous Provisions**

131.     ***Deadlines***. If any of the dates or deadlines specified herein falls on a weekend or legal holiday, the applicable date or deadline shall fall on the next business day. All reference to "days" in this agreement shall refer to calendar days unless otherwise specified.

132.     ***Gender and Plurals***. As used in this Agreement, the masculine, feminine or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

133.     ***Binding Effect***. This Agreement shall be binding upon, and inure to and for the benefit of, the successors and assigns of the Releasing Parties and the Released Parties.

134.     ***Cooperation of Parties***. The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents, seek Court approval, uphold Court approval, and do all things reasonably necessary to complete and effectuate the Settlement described in this Agreement.

135.     ***Obligation to Meet and Confer***. Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties shall consult with each other and certify to the Court that they have met and conferred in good faith in an attempt to resolve the dispute.

136.     ***Other Litigation***. Plaintiffs and Class Counsel will not cooperate with or encourage any action or filing of claims against Defendants or any Released Parties related to any of the allegations or claims alleged in the Action.

137.     ***Integration and No Reliance***. This Agreement constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof. This Agreement is executed without reliance on any covenant, agreement, representation, or

warranty by any Party or any Party's representative other than those expressly set forth in this Agreement. No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein.

138.    ***No Conflict Intended***. Any inconsistency between the headings used in this Agreement and the text of the paragraphs of this Agreement shall be resolved in favor of the text.

139.    ***Governing Law***. Except as otherwise provided herein, the Agreement shall be construed in accordance with, and be governed by, the laws of the state of Texas, without regard to the principles thereof regarding choice of law.

140.    ***Counterparts***. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all Parties do not sign the same counterparts. Original signatures are not required.

141.    ***Jurisdiction***. The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Program and the Settlement Administrator. As part of the agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose. The Court shall retain jurisdiction over the enforcement of the Court's injunction barring and enjoining all Releasing Parties from asserting any of the Released Claims and from pursuing any Released Claims against the Released Parties at any time and in any jurisdiction, including during any appeal from the Final Approval Order.

142.    **Notices**. All notices provided for herein, shall be sent by email to:

If to Plaintiffs or Class Counsel:

        Jeff Ostrow
        **Kopelowitz Ostrow P.A.**
        1 West Las Olas Blvd., Ste. 500
        Fort Lauderdale, FL 33301
        ostrow@kolawyers.com

        Gary Klinger
        **Milberg Coleman Bryson**
        **Phillips & Grossman PLLC**
        201 S. Sevilla Avenue, Ste. 200
        Coral Gables, FL 33134
        gklinger@milberg.com

If to Defendants or Defendants' Counsel:

        Allison Holt Ryan
        **Hogan Lovells US LLP**
        Columbia Square
        555 13th Street, NW
        Washington, D.C. 20004
        allison.holt-ryan@hoganlovells.com

The notice recipients and addresses designated above may be changed by written notice. Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of objections, requests for exclusion, or other filings received as a result of the Notice Program.

143.    **Modification and Amendment**. This Agreement may not be amended or modified, except by a written instrument signed by Class Counsel and Defendants' Counsel and, if the Settlement has been approved preliminarily by the Court, approved by the Court; provided, however, that, after entry of the Preliminary Approval Order, the Parties may, by written agreement, effect such amendments, modifications, or expansions of this Agreement without further notice to the Settlement Class or approval by the Court if such changes are consistent with the Court's Preliminary Approval Order and do not materially alter, reduce, or limit the rights of

Settlement Class members under this Agreement.

144. *No Waiver.* The waiver by any Party of any breach of this Agreement by another Party shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement.

145. *Authority*. Class Counsel (for Plaintiffs and the Settlement Class), and Defendants' Counsel (for Defendants), represent and warrant that the persons signing this Agreement on their behalf have full power and authority to bind every person, partnership, corporation, or entity included within the definitions of Plaintiffs and Defendants to all terms of this Agreement. Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

146. *Agreement Mutually Prepared*. Neither Plaintiffs nor Defendants shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

147. *Independent Investigation and Decision to Settle*. The Parties understand and acknowledge they: (a) have performed an independent investigation of the allegations of fact and law made in connection with this Action; and (b) that even if they may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Action as reflected in this Agreement, that will not affect or in any respect limit the binding nature of this Agreement. All Parties recognize and acknowledge they reviewed and analyzed data that they and their experts used to make certain determinations, arguments, and settlement positions. The Parties agree this Settlement is fair, reasonable, and adequate, and will

not attempt to renegotiate or otherwise void or invalidate or terminate the Settlement irrespective of what any unexamined data later shows. It is the Parties' intention to resolve their disputes in connection with this Action pursuant to the terms of this Agreement now and thus, in furtherance of their intentions, the Agreement shall remain in full force and effect notwithstanding the discovery of any additional facts or law, or changes in law, and this Agreement shall not be subject to rescission or modification by reason of any changes or differences in facts or law, subsequently occurring or otherwise.

148.    ***Receipt of Advice of Counsel***. Each Party acknowledges, agrees, and specifically warrants that he, she, or it has fully read this Agreement and the Releases contained herein, received independent legal advice with respect to the advisability of entering into this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.

*Signature Page to Follow*

**PLAINTIFFS**

TRACY BERTOCCHINI

MARK ELLAK

CORY FRANCE

CHANDRA CHANG

SOFIA BERSINEVA

HEAVENLE WOOD

CYNTHIA AUSTING

BELINDA GULLETTE

CHANELLE ZIMMERMAN

MICHAEL BROWN

KENNETH REAGAN

41

**CLASS COUNSEL**

*Jeffrey Ostrow*
Jeffrey Ostrow (Mar 14, 2025 10:29 EDT)
JEFF OSTROW
**KOPELOWITZ OSTROW P.A.**

Gary Klinger (Mar 14, 2025 09:20 CDT)
GARY KLINGER
**MILBERG COLEMAN BRYSON
PHILLIPS & GROSSMAN PLLC**

**DEFENDANT WEBPTPA EMPLOYER
SERVICES, LLC**

Edward J. Garcia (Mar 18, 2025 14:30 EDT)
EDWARD GARCIA
VP, Deputy General Counsel

**DEFENDANTS' COUNSEL**

ALLISON HOLT RYAN
**HOGAN LOVELS US LLP**

# EXHIBIT 1
# (POSTCARD NOTICE)

FIRST-CLASS MAIL
U.S. POSTAGE PAID
CITY, ST
PERMIT NO. XXXX

**ELECTRONIC SERVICE REQUESTED**

---

**COURT APPROVED LEGAL NOTICE**

*David Harrell v. WebTPA Employer Services, LLC, et al.*

Case No. 3:24-cv-01158-L

*A federal Court has authorized this Notice. This is not a solicitation from a lawyer.*

**To all persons in the United States who were sent notification from Defendants that their Private Information was potentially compromised as a result of the Data Incident, a proposed class action settlement may affect your rights**

**For more information on the proposed Settlement, including how to submit a Claim, exclude yourself, or submit an objection, please visit or call:**

**www.website.com**

**(XXX) XXX-XXXX**

---

<<Refnum Barcode>>

CLASS MEMBER ID: <<Refnum>>

**Postal Service: Please do not mark barcode**

[FIRST NAME] [LAST NAME]
[COMPANY]
[ADDRESS 1]
[ADDRESS 2]
[CITY] [STATE] [ZIP][ZIP4]

**A proposed Settlement has been reached in a class action lawsuit known as *David Harrell v. WebTPA Employer Services, LLC, et al.*, in the United States District Court for the Northern District of Texas, Dallas Division, Case No. 3:24-cv-01158-L.**

**Why am I receiving this Notice?** You are receiving this Notice because the records of WebTPA Employer Services, LLC ("WebTPA"), Hartford Life and Accident Insurance Company, Anthem Blue Cross Life and Health Insurance Company, and Elevance Health, Inc. (collectively, "Defendants") show that your Private Information was potentially compromised as a result of a Data Incident that occurred at WebTPA between April 18, 2023 and April 23, 2023. You are therefore likely a Settlement Class member eligible to receive benefits under this Settlement.

**Who is a Settlement Class member?** You are affected by the Settlement and potentially a Settlement Class member if you are a person in the United States who was sent notification from one or more of the Defendants stating that your Private Information was potentially compromised as a result of the Data Incident. If you are a Settlement Class member who resided in California between April 18, 2023 and April 23, 2023, you are a California Settlement Subclass member.

**What are the Settlement Class Member Benefits?** .-- Settlement Class Members who submit a Valid Claim may receive either: (a) Cash Payment A – Documented Losses, which provides for up to **$5,000** per Settlement Class Member upon submission of supporting documentation showing losses related to the Data Incident; or (b) Cash Payment B – Flat Cash Payment – an estimated **$100** per Settlement Class Member; and if applicable, (c) California Statutory Payment – an estimated $50 per person for California Settlement Subclass members. In addition to Cash Payment A or B, and a California Statutory Payment (if applicable), all Settlement Class Members may also elect two years of Medical Monitoring. Please visit **www.website.com** for a full description of the Settlement benefits and documentation requirements.

**How do I Submit a Claim Form for Benefits?** You must submit a Claim Form online at **www.website.com** or use the attached Claim Form to be eligible to receive a Settlement benefit. Your completed Claim Form must be submitted online or mailed to the Settlement Administrator at WebTPA Data Incident, c/o Kroll Settlement Administration LLC, P.O. Box XXXX, New York, NY 10150-XXXX and postmarked, by **DATE**.

**What are my other options?** If you **Do Nothing,** you will be legally bound by the terms of the Settlement, and you will release your claims against Defendants and other Released Parties as defined in the Settlement Agreement. You may **Opt-Out** of or file an **Objection** to the Settlement by **DATE**. Please visit **www.website.com** for more information on how to opt-out of or object to the Settlement.

**Do I have a Lawyer in this Case?** Yes, the Court appointed Jeff Ostrow of Kopelowitz Ostrow P.A. and Gary Klinger of Milberg Coleman Bryson Phillips & Grossman PLLC to represent you and other Settlement Class Members. You will not be charged directly for these lawyers; instead, they will receive compensation from the Settlement Fund (subject to Court approval). If you want to be represented by your own lawyer, you may hire one at your own expense.

**The Court's Final Approval Hearing.** The Court is scheduled to hold a Final Approval Hearing on **DATE at TIME CT**, to consider whether to approve the Settlement, Class Counsel's request for attorneys' fees of up to one-third of the Settlement Fund ($4,582,875) plus reimbursement of costs, and Service Awards of $1,500 to each Class Representative. You may appear at the hearing, either yourself or through an attorney hired by you, but you don't have to.

**This Notice is only a summary.** For more information or to change your address, visit **www.website.com** or call toll-free **(XXX) XXX-XXXX**

Postage
Required

*WebTPA Data Incident Action*
c/o Kroll Settlement Administration LLC
P.O. Box XXXXX
New York, NY 10150-XXXX

*Ganesh Sankar, Erika Titus-Lay, Jared Cavanaugh,*
*and Kimberly Vongnalith v. California Northstate*
*University, LLC*
Lead Case No. 2:24-cv-00473-DAD-JDP

**VISIT THE SETTLEMENT WEBSITE BY**
**SCANNING THE PROVIDED QR CODE**

## POSTCARD CLAIM FORM

To submit a Claim for Cash Payment B – Flat Cash Payment and/or Medical Monitoring, please complete the below form, sign, and mail this portion of the postcard to the Settlement Administrator by **no later than <Claim Form Deadline>**. *Note*: Claims for Cash Payment A – Documented Losses require supporting documentation and therefore must be submitted online at **www.website.com** or mailed to the Settlement Administrator with a separate Claim Form downloadable on the Settlement Website. To receive a Cash Payment from this Settlement via an electronic payment, you must submit a Claim Form electronically at **www.Website.com** by **<<Claim Form Deadline>>.**

| | If different than the preprinted data on the left, please print your correct information: |
|---|---|
| Class Member ID: <<refnum>><br><<firstname>> <<lastname>><br><<Company>><br><<address1>> <<address2>><br><<City>>, <<State>> <<Zip>> | First Name ___  MI  Last Name<br><br>Address<br><br>City ___ State ___ ZipCode |

**Telephone Number: ( _____ ) _____ - _____   Email Address: _____ @ _____**

#### Cash Payment B – Flat Cash Payment

[ ]  I would like to receive an estimated $100 Cash Payment *instead of* seeking Cash Payment A - Documented Losses.

#### Medical Monitoring

[ ]  I would like to receive two years of Medical Monitoring.

#### SIGN AND DATE YOUR CLAIM FORM

I declare under penalty of perjury that the information supplied in this Claim Form is true and correct. I authorize the Settlement Administrator to contact me, using the contact information set forth above, to obtain any necessary supplemental information.

Signature: _____   Print Name: _____   Date (mm/dd/yyyy): ____ / ____ / _____

# EXHIBIT 2
# (LONG FORM NOTICE)

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

**United States District Court for the Northern District of Texas, Dallas Division**

***David Harrell v. WebTPA Employer Services, LLC, et al.***
**Case No. 3:24-cv-01158-L**

**<u>A Court has authorized this Long Form Notice ("Notice"). This is not a lawyer solicitation.</u>**

---

**If You are a Person in the United States who was sent notification from Defendants that your Private Information was potentially compromised as a result of the Data Incident, You are Eligible to Receive Settlement Class Member Benefits from a Class Action Settlement.**

---

- A Court authorized this Notice to those that are eligible to receive Settlement Class Member Benefits from a proposed class action Settlement. This Settlement has been agreed to between the Parties in the lawsuit titled *David Harrell v. WebTPA Employer Services, LLC, et al.,* Case No. 3:24-cv-01158-L, which is pending in the United States District Court for the Northern District of Texas, Dallas Division. The people that filed the lawsuit are called "Plaintiffs" or "Class Representatives" and the companies they sued are WebTPA Employer Services, LLC ("WebTPA"), Hartford Life and Accident Insurance Company, Anthem Blue Cross Life and Health Insurance Company, and Elevance Health, Inc. (collectively, "Defendants"). Defendants deny all liability or wrongdoing with respect to any and all facts and claims alleged in the lawsuit but have agreed to a settlement to avoid the costs and expenses, distractions, burden, and disruption to their business operations associated with further litigation.

- **Who is a Settlement Class member?**

  All persons in the United States who were sent notification from Defendants that their Private Information was potentially compromised as a result of the Data Incident.

  Settlement Class members who resided in California between April 18, 2023 and April 23, 2023 are California Subclass Settlement Class members.

  Excluded from the Settlement Class are (a) all persons who are governing board members of Defendants; (b) governmental entities; (c) the Court, the Court's immediate family, and Court staff, and (d) any Settlement Class Member who timely and validly requests to opt-out from the Settlement.

- Settlement Class members will be eligible to receive:

  - ❖ **Cash Payment A – Documented Losses:** Settlement Class members may submit a Claim for up to **$5,000** per Settlement Class member upon presentment of documented losses related to the Data Incident. **You must submit reasonable documentation supporting the losses to receive this type of payment;**

  **OR**

  - ❖ **Cash Payment B – Flat Cash Payment:** As an alternative to Cash Payment A above, a Settlement Class members may elect to receive Cash Payment B, which is a flat Cash Payment in the estimated amount of **$100**;

**AND, IF APPLICABLE**

❖ **California Statutory Payment:** In addition to Cash Payment A or Cash Payment B, all Settlement Class members residing in California between April 18, 2023 and April 23, 2023 are entitled to Claim a California Statutory Payment for an additional cash payment in the estimated amount of **$50**.

**In addition to Cash Payment A or Cash Payment B, and a California Statutory Payment (if applicable), all Settlement Class Members may also elect the following:**

❖ **Medical Monitoring –** two years of CyEx's Medical Shield medical monitoring product which provides medical identity monitoring, real-time alerts, and insurance coverage of up to $1,000,000 for medical identity theft.

• To submit a Claim or obtain more information visit **www.website.com** or call **(XXX) XXX-XXXX** to request a Claim Form no later than **<<Claim Form Deadline>>.**

**Please read this Notice carefully. Your legal rights will be affected, and you have a choice to make at this time.**

| Summary of Legal Rights | | Deadline(s) |
|---|---|---|
| **Submit a Claim Form** | The only way to receive a Settlement Class Member Benefit from the Settlement. | Submitted or postmarked on or before **<<Claim Form Deadline>>.** |
| **Exclude Yourself by Opting-Out of the Settlement Class** | Receive no benefits from the Settlement. This is the only option that allows you to keep your right to be a part of or bring a separate lawsuit against Defendants relating to the Data Incident. | Mailed and postmarked on or before **<<Opt-Out Period>>.** |
| **Object to the Settlement and/or Attend the Final Approval Hearing** | You can object to the Settlement by writing to the Court about why you disagree with the Settlement or Class Counsel's Application for Attorneys' Fees, Costs, and Service Awards. You can also ask the Court for permission to speak about your objection at the Final Approval Hearing on **<<Final Approval Hearing date>>**, with or without your own attorney. | Mailed and postmarked on or before **<<Objection Period>>.** |
| **Do Nothing** | You will not receive any Settlement Class Member Benefit from this class action Settlement and you will give up the right to be a part of or bring a separate lawsuit against | N/A |

| | Defendants relating to the Data Incident. | |
|---|---|---|

- Your rights and options as a Settlement Class Member – **and the deadlines to exercise your rights** – are explained in this Notice.

- The Court still will have to decide whether to approve the Settlement. Cash Payments and Medical Monitoring activation codes will be distributed only if the Court approves the Settlement and after any possible appeals are resolved.

## What this Notice Contains

**Basic Information** ............................................................................................................... **4**

**Who Is in the Settlement** .................................................................................................... **5**

**The Settlement Benefits—What You Get if You Qualify** ................................................ **5**

**How Do You Submit a Claim** ............................................................................................ **6**

**Opting-Out of the Settlement** ............................................................................................ **7**

**Objecting to the Settlement** ............................................................................................... **8**

**The Lawyers Representing You** ......................................................................................... **9**

**The Court's Final Approval Hearing** ............................................................................... **10**

**If You Do Nothing** ............................................................................................................ **11**

**Additional Information** ..................................................................................................... **11**

**BASIC INFORMATION**

| 1.   Why is there a Notice? |
| --- |

The Court authorized this Notice because you have a right to know about the Settlement, and all of your options, before the Court decides whether to grant Final Approval of the Settlement. This Notice explains the lawsuit that is the subject of the Settlement, the general terms of the Settlement, and your legal rights and options.

The Judge, Sam A. Lindsay, of the United States District Court for the Northern District of Texas, Dallas Division, is overseeing this case captioned as *David Harrell v. WebTPA Employer Services, LLC, et al.*, Case No. 3:24-cv-01158-L. The people who brought the lawsuit are called the "Plaintiffs" or "Class Representatives." The companies being sued, WebTPA Employer Services, LLC, Hartford Life and Accident Insurance Company, Anthem Blue Cross Blue Life and Health Insurance Company, and Elevance Health, Inc., are called the "Defendants."

| 2.   What is this lawsuit about? |
| --- |

Defendant WebTPA is a third-party administrator that provides custom health plans for self-funded employer groups, hospital health plans, and administrative outsourcing services. In the course of operating its business, WebTPA collects, maintains, and stores Private Information of individuals who maintain health insurance plans with WebTPA's business associates.

The lawsuit alleges that, on or about March 25, 2024, WebTPA communicated to its customers that an unauthorized party had potentially accessed  Private Information of certain individuals around and/or between April 18, 2023 and April 23, 2023 from its network. On May 8, 2024, Defendants began sending out notice letters to potentially affected persons, informing them that their Private Information may have been compromised in the Data Incident.

Defendants deny any wrongdoing whatsoever. No court or other judicial  body has made any judgment or other determination that Defendants have done anything wrong.

| 3.   What is a class action? |
| --- |

In a class action, one or more people called "Class Representatives" or "Plaintiffs" sue on behalf of all people who have similar claims. Together, all of these people are called a "Settlement Class," and the individuals are called "Settlement Class Members." One court resolves the issues for all Settlement Class Members, except for those who opt-out of the Settlement Class.

| 4.   Why is there a Settlement? |
| --- |

The Court has not decided in favor of the Plaintiffs or Defendants. Instead, both sides agreed to the Settlement. The Settlement avoids the cost and risk of a trial and related appeals, while providing benefits to Settlement Class Members. The Class Representatives appointed to represent the Settlement Class, and the attorneys for the Settlement Class, think the Settlement is best for all Settlement Class members.

**WHO IS IN THE SETTLEMENT?**

| **5.    How do I know if I am part of the Settlement?** |
|---|

You are affected by the Settlement and potentially a Settlement Class member if you are a person in the United States who was sent notification from one or more of the Defendants that your Private Information was potentially compromised as a result of the Data Incident.

If you are a Settlement Class member who resided in California between April 18, 2023 – April 23, 2023, you are a California Settlement Subclass member.

Only Settlement Class Members are eligible to receive benefits under the Settlement. Excluded from the Settlement Class are (a) all persons who are governing board members of Defendants; (b) governmental entities; (c) the Court, the Court's immediate family, and Court staff, and (d) any Settlement Class Member who timely and validly requests to opt-out from the Settlement.

| **6.    What if I am not sure whether I am included in the Settlement?** |
|---|

If you are not sure whether you are included in the Settlement, you may call **(XXX) XXX-XXXX** with questions. You may also write with questions to:

WebTPA Data Incident Action
c/o Kroll Settlement Administration LLC
P.O. Box XXXX
New York, NY 10150-XXXX

**THE SETTLEMENT CLASS MEMBER BENEFITS–WHAT YOU GET IF YOU QUALIFY**

| **7.    What does the Settlement provide?** |
|---|

Under the Settlement, Defendants will establish a $13,750,000 settlement fund, which will be used to pay: (1) Settlement Class Member Benefits to those Settlement Class Members who submit Valid Claims; (2) any Service Awards awarded to Class Representatives; (3) any attorneys' fees and costs awarded to Class Counsel; and (4) all Settlement Administration Costs.

**Business practice changes** – Plaintiffs have also received assurances that Defendants either have undertaken or will undertake reasonable steps to further secure its systems and environments.

| **8.    What Settlement Class Member Benefits are available under the Settlement?** |
|---|

Settlement Class Members that submit a Valid Claim may select <u>one</u> or more of the following Cash Payments:

a)  ***Cash Payment A - Documented Losses:*** Settlement Class Members may submit a Claim for up to a total of $5,000 per Settlement Class Member, upon submission of a Claim **and supporting documentation**.

- To receive a documented loss payment, a Settlement Class Member must elect Cash Payment A – Documented Losses on the Claim Form attesting under penalty of perjury to incurring documenting losses. Settlement Class Members will be

required to submit reasonable documentation supporting the losses. Settlement Class Members shall not be reimbursed for expenses if they have been reimbursed for the same expenses by another source, including compensation provided in connection with the credit monitoring and identity theft protection product offered as part of the notification letter provided by Defendants or otherwise. If a Settlement Class Member does not submit reasonable documentation supporting a loss, or if their Claim is rejected by the Settlement Administrator for any reason, and the Settlement Class Member fails to cure his or her Claim, the Claim will be rejected and the Settlement Class Member's Claim will be as if they elected Cash Payment B.

**OR**

b) ***Cash Payment B – Flat Cash Payment:*** As an alternative to Cash Payment A above, a Settlement Class Member may elect to receive Cash Payment B, which is a flat cash payment estimated in the amount of $100.

Cash Payments to Settlement Class Members will be subject to a *pro rata* increase from the Settlement Fund in the event the amount of Valid Claims is insufficient to exhaust the entire Settlement Fund. Similarly, in the event the amount of Valid Claims exhausts the amount of the Settlement Fund, the amount of the Cash Payments may be reduced *pro rata* accordingly.

**AND (IF APPLICABLE)**

c) ***California Statutory Payment***: All Settlement Class Members residing in California between April 18, 2023 and April 23, 2023 are California Settlement Subclass members under this Settlement and are entitled to Claim a California Statutory Payment for an additional estimated cash payment in the amount of $50.

**In addition to electing a Cash Payment, all Settlement Class Members may also elect:**

d) ***Medical Monitoring***: two years of CyEx's Medical Shield medical monitoring product to monitor their medical information and to provide real-time alerts and up to $1,000,000 in medical identity theft insurance. Medical Monitoring has an estimated value of $90 per year per Settlement Class Member.

### HOW DO YOU SUBMIT A CLAIM?

| | |
|---|---|
| **9.** | **How do I get a Settlement Class Member Benefit?** |

To receive a Settlement Class Member Benefit, you must complete and submit a Claim Form online at www.website.com or by mail to *WebTPA Data Incident Action*, c/o Kroll Settlement Administration LLC, P.O. Box XXXX, New York, NY 10150-XXXX. Read the Claim Form instructions carefully, fill out the Claim Form, provide the required documentation, and submit online by <<Claim Form Deadline>> or by mail postmarked by <<Claim Form Deadline>>.

**TO RECEIVE AN ELECTRONIC OR ACH PAYMENT FOR YOUR VALID CLAIM, YOU MUST FILE A CLAIM FORM ONLINE AT WWW.WEBSITE.COM**

**10. When will I get my Settlement Class Member Benefit?**

The Court will hold a Final Approval Hearing on <<Date>>, at <<Time>> a.m. CT to decide whether to approve the Settlement. If the Court approves the Settlement, there may be appeals from that decision and resolving them can take time. It also takes time for all of the Claim Forms to be processed. Please be patient. Cash Payments and Medical Monitoring activation codes will be distributed after the Settlement has obtained Final Approval from the Court and the time for all appeals has expired.

**11. What am I giving up as part of the Settlement?**

If the Settlement becomes final and you do not opt-out of the Settlement, you will be a Settlement Class Member and you will give up your right to sue Defendants, and their present and former parents, subsidiaries, divisions, departments, affiliates, predecessors, successors and assigns, and any and all of their past, present, and future directors, officers, executives, officials, principals, stockholders, heirs, agents, insurers, reinsurers, members, attorneys, accountants, actuaries, fiduciaries, advisors, consultants, representatives, partners, joint venturers, licensees, licensors, independent contractors, subrogees, trustees, executors, administrators, predecessors, successors and assigns, and any other person acting on Defendants' behalf and/or in their capacity as such, and assigns of each of them as well as any Covered Entity end-clients of Defendants whose customers' information may have been exposed in the Data Incident. These Releases are described in Section XIII of the Settlement Agreement, which is available at www.website.com. If you have any questions, you can talk to the law firms listed in Question 17 or you can talk to your own lawyer.

**OPTING-OUT OF TTHE SETTLEMENT**

If you do not want to be part of the Settlement, then you must take steps to exclude yourself from the Settlement Class. This is referred to as "opting-out" of the Settlement Class.

**12. If I opt-out, can I get a Cash Payment or Medical Monitoring from this Settlement?**

No. If you opt-out of the Settlement, you will not be entitled to receive any benefits from the Settlement.

**13. If I do not opt-out of the Settlement, can I sue the Released Parties for the same thing later?**

No. Unless you opt-out of the Settlement, you give up any right to sue Defendants and any other Released Parties for any claim that could have been or was brought relating to the Data Incident. You must opt-out of the Settlement to start your own lawsuit or to be part of any different lawsuit relating to the claims in this case.

**14. How do I opt-out of the Settlement?**

To opt-out, you must send a request to opt-out that says you want to be excluded from the Settlement in *David Harrell v. WebTPA Employer Services, LLC et al.*, Case No. 3:24-cv-01158-L. The opt-out request must be personally signed by the Settlement Class Member and contain the name, address, telephone number, and email address (if any), and include a statement indicating a request to be

excluded from the Settlement Class. You may only exclude yourself—not any other person. Any individual in the Settlement Class who does not timely and validly request to opt-out shall be bound by the terms of this Agreement even if he or she does not submit a Valid Claim. You must mail your opt-out request to the Settlement Administrator, postmarked by <<**end of the Opt-Out Period**>>, to:

WebTPA Data Incident Action
c/o Kroll Settlement Administration LLC
P.O. Box XXXX
New York, NY 10150-XXXX

**OBJECTING TO THE SETTLEMENT**

| **15.  How do I tell the Court that I do not like the Settlement?** |
|---|

You can tell the Court that you do not agree with the Settlement, and/or Application for Attorneys' Fees, Costs and Service Awards, or some part of it by objecting to the Settlement. For an objection to be a valid objection under the Settlement, it must be in writing, filed with the Court, and must be mailed to the Clerk of the Court, Class Counsel, Defendants' Counsel, and the Settlement Administrator at the addresses listed below, postmarked by **no later than** <<**end of the Objection Period**>>.

| **Clerk of the Court** | **Class Counsel** |
|---|---|
| <<**Court Address**>> | Jeff Ostrow<br>**Kopelowitz Ostrow P.A.**<br>1 West Las Olas Blvd., Ste. 500<br>Fort Lauderdale, FL 33301<br><br>Gary Klinger<br>**Milberg Coleman Bryson**<br>**Phillips & Grossman PLLC**<br>201 S. Sevilla Avenue, Ste. 200<br>Coral Gables, FL 33134 |
| **Defendants' Counsel** | **Settlement Administrator** |
| Allison Holt Ryan<br>**Hogan Lovells US LLP**<br>Columbia Square<br>55 13th Street,NW<br>Washington, D.C. 20004 | WebTPA Data Incident Action<br>c/o Kroll Settlement Administration LLC<br>P.O. Box XXXX<br>New York, NY 10150-XXXX |

Your objection must be written and must include all of the following:

i)     the objector's full name, mailing address, telephone number, and email address (if any);

ii)    all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel;

iii)   the number of times the objector has objected to a class action settlement within the 5 years preceding the date that the objector files the objection, the caption of each case in which the

objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case;

iv)    the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement and/or Application for Attorneys' Fees, Costs, and Service Awards;

v)    the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the 5 years preceding the date of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding 5 years;

vi)    any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity;

vii)    the identity of all counsel (if any) representing the objector who will appear at the Final Approval Hearing;

viii)    a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection (if any);

ix)    a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

x)    the objector's signature (an attorney's signature is not sufficient).

Class Counsel and/or Defendants' Counsel may conduct limited discovery on any objector or objector's counsel.

| **16.  What is the difference between objecting and asking to opt-out?** |
| --- |

Objecting is telling the Court that you do not like the Settlement or parts of it and why you do not think it should be approved. You can object only if you are a Settlement Class Member. Opting yourself out of the Settlement is telling the Court that you do not want to be part of the Settlement Class and do not want to receive any payment from the Settlement. If you opt-out, you have no basis to object because you are no longer a Settlement Class Member, and the Settlement no longer affects you.

## THE LAWYERS REPRESENTING YOU

| **17.  Do I have a lawyer in this case?** |
| --- |

Yes. The Court appointed Jeff Ostrow of Kopelowitz Ostrow P.A. and Gary Klinger of Milberg Coleman Bryson Phillips & Grossman PLLC as Class Counsel to represent you and the other members of the Settlement Class in Settlement negotiations. If you want to be represented by your own lawyer, you may hire one at your own expense.

| **18.  How will the lawyers be paid?** |
| --- |

Class Counsel will file an Application for Attorneys' Fees, Costs and Service Awards for an award of attorneys' fees to be paid from the Settlement Fund of up to one-third (1/3) of the Settlement Fund

($4,582,875), plus reimbursement of costs. Any such award would compensate Class Counsel for investigating the facts, litigating the case, and negotiating the Settlement and will be the only payment to them for their efforts in achieving this Settlement and for their risk in undertaking this representation on a wholly contingent basis.

Class Counsel will include a request for Service Award payments for the Class Representatives in recognition for their contributions to this Action not to exceed $1,500 per Class Representative, which would also be paid from the Settlement Fund.

Any attorneys' fees, costs, and Service Award payments must be approved by the Court. The Court may award less than the amounts requested.

## THE COURT'S FINAL APPROVAL HEARING

**19.  When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Final Approval Hearing at **<<Time>> CT on <<Date>>**, at the **<<Court Address>>**, Room ____, as ordered by the Court. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are timely and valid objections, the Court will consider them and will listen to people who have asked to speak at the hearing if such a request has been properly made and granted. The Court will also rule on the Application for Attorneys' Fees, Costs, and Service Awards payments. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take. The hearing may be moved to a different date or time without additional notice, so Class Counsel recommends checking the Settlement Website **www.website.com**, or calling **(XXX) XXX-XXXX** for updates.

**20.  Do I have to attend the hearing?**

No. Class Counsel will represent the Settlement Class before the Court. You or your own lawyer are welcome to attend at your expense, but you are not required to do so. If you send an objection, you do not have to visit the Court to talk about it. As long as you filed your written objection on time with the Court and mailed it according to the instructions provided in Question 15, the Court will consider it.

**21.  May I speak at the hearing?**

You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must file an objection according to the instructions in Question 15, including all the information required. Your objection must be mailed to the Clerk of the Court, Class Counsel, Defendants' Counsel, and the Settlement Administrator, at the mailing addresses listed above, postmarked by no later than **<<end of the Objection Period>>**.

## IF YOU DO NOTHING

**22.  What happens if I do nothing?**

If you do nothing, you will not receive any benefits from this Settlement. If the Settlement is granted Final Approval and becomes final, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants or the other Released Parties (as defined in the Settlement Agreement) based on any claim that could have been or that was brought relating to the Data Incident.

## ADDITIONAL INFORMATION

| **23.   How do I get more information?** |
|---|

This Notice summarizes the Settlement. More details are in the Settlement Agreement itself.  A copy of the Settlement Agreement is available at www.website.com. You may also call the Settlement Administrator with questions or to receive a Claim Form at **(XXX) XXX-XXXX.**

| **24.   What if my contact information changes or I no longer live at my address?** |
|---|

It is your responsibility to inform the Settlement Administrator of your updated information. You may do so at the address below, calling toll-free **(XXX) XXX-XXXX** or at the Contact page of the Settlement Website:

WebTPA Data Incident Action
c/o Kroll Settlement Administration LLC
P.O. Box XXXX
New York, NY 10150-XXXX

**PLEASE DO NOT CONTACT THE COURT, CLERK OF THE COURT, OR DEFENDANTS FOR INFORMATION ABOUT THE CLASS ACTION SETTLEMENT**

# EXHIBIT 3
# (CLAIM FORM)

<table>
<tr><td>

**Your Claim must be submitted online or <u>postmarked by</u>:**
<mark>**<<Claim Form Deadline>>**</mark>

</td><td>

## CLAIM FORM FOR WEBTPA DATA INCIDENT ACTION

*David Harrell v. WebTPA Employer Services, et al.*
Case No. 3:24-cv-01158-L
United States District Court for the Northern District of Texas
Dallas Division

</td><td>

**WEBTPA-C**

</td></tr>
</table>

## GENERAL INSTRUCTIONS

You have been identified by the Settlement Administrator as a Settlement Class member who was sent a notification from Defendants that your Private Information was potentially compromised as a result of the Data Incident. You may submit a Claim for Settlement Class Member Benefits, as outlined below.

Please refer to the Long Form Notice posted on the Settlement Website, <mark>www.Website.com</mark>, for more information on submitting a Claim Form and on confirming whether you are part of the Settlement Class.

**<u>To receive a Settlement Class Member Benefit from this Settlement via an electronic payment, you must submit the Claim Form below electronically at <mark>www.Website.com</mark> by <mark><<Claim Form Deadline>>.</mark></u>**

This Claim Form may also be mailed to the address below. Please type or legibly print all requested information, in blue or black ink. Mail your completed Claim Form, including any supporting documentation, by U.S. mail to:

WebTPA Data Incident Action
c/o Kroll Settlement Administration LLC
P.O. Box <mark>XXXX</mark>
New York, NY 10150-<mark>XXXX</mark>

Cash Payments may be adjusted up or down depending on the amount of Valid Claims. Any increases or decreases to Cash Payments will be on a *pro rata*, or equal percentage, basis. **<u>You may submit a Claim for one or more of the following benefits:</u>**

1.  ***Cash Payment A – Documented Losses:*** Settlement Class Members may submit a Claim for a Cash Payment of up to $5,000 per Settlement Class Member upon presentment of documented losses related to the Data Incident. You must submit reasonable documentation supporting the losses to receive this benefit; **OR**

2.  ***Cash Payment B – Flat Cash Payment:*** As an alternative to Cash Payment A above, a Settlement Class Member may elect to receive Cash Payment B, which is a flat Cash Payment estimated in the amount of $100;

3.  ***California Statutory Payment:*** **In addition to Cash Payment A or Cash Payment B,** all Settlement Class Members residing in California between April 18, 2023 and April 23, 2023 are entitled to Claim a California Statutory Payment for an additional Cash Payment estimated in the amount of $50.

4.  ***Medical Monitoring:*** In addition to Cash Payment A or B, and a California Statutory Payment (if applicable), all Settlement Class Members may also elect to receive two years of Medical Monitoring.

**Questions? Go to <mark>www.Website.com</mark> or call (XXX) XXX-XXXX.**

## I. PAYMENT SELECTION

If you would like to elect to receive your Cash Payment through electronic transfer, please visit the Settlement Website and timely submit your Claim Form electronically. The Settlement Website includes a step-by-step guide for you to complete the electronic payment option.

## II. SETTLEMENT CLASS MEMBER NAME AND CONTACT INFORMATION

Provide your name and contact information below. You must notify the Settlement Administrator if your contact information changes after you submit this Claim Form.

_____    _____
**First Name**                                                    **Last Name**

_____
**Address 1**

_____
**Address 2**

_____    ___ ___    ___ ___ ___ ___   ___
**City**                                                                    **State**        **Zip Code**

**Email Address (optional):** _____@_____.com

**Telephone Number:** ( ____  ____  ____ ) ____  ____  ____ - ____  ____  ____  ____

## III. PROOF OF DATA INCIDENT SETTLEMENT CLASS MEMBERSHIP

☐    Check this box to certify if you are a person in the United States who was sent notification from Defendants that your Private Information was potentially compromised as a result of the Data Incident.

Enter the Class Member ID Number provided on your Postcard Notice:

**Class Member ID : 0 0 0 0 0** ____  ____  ____  ____  ____  ____  ____  ____

**Questions? Go to www.Website.com or call (XXX) XXX-XXXX.**

## IV.  CASH PAYMENT A – DOCUMENTED LOSSES

All Settlement Class Members are eligible for compensation of up to $5,000 per Settlement Class Member for documented losses incurred as a result of the Data Incident.

> To be eligible to receive Cash Payment A, Settlement Class Members will be required to submit reasonable documentation supporting the losses. Settlement Class Members shall not be reimbursed for expenses if they have been reimbursed for the same expenses by another source, including compensation provided in connection with the identity theft protection and credit monitoring services offered as part of the notification letter provided by Defendants or otherwise. If a Settlement Class Member does not submit reasonable documentation supporting a loss, or if their Claim is rejected by the Settlement Administrator for any reason, and the Settlement Class Member fails to cure his or her Claim, the Claim will be rejected and the Settlement Class Member's Claim will be as if they elected Cash Payment B..

Settlement Class Members with documented losses must submit documentation supporting their claims. This can include receipts or other documentation not "self-prepared" by the claimant that document the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support other submitted documentation.

**You must have documented losses incurred as a result of the Data Incident and submit supporting documentation to obtain this benefit.**

☐  I have attached documentation showing that the documented losses were more likely than not caused by the Data Incident. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support to other submitted documentation.

*Complete the chart below describing the supporting documentation you are submitting.*

| Cost Type (Fill all that apply) | Approximate Date of Loss | Amount of Loss | Description of Reasonable Supporting Documentation (Identify what you are attaching and why) |
|---|---|---|---|
| *Example: Identity Theft Protection Service* | *0 7/17/2 0 (mm/dd/yy)* | *$50.00* | *Copy of identity theft protection service bill* |
| | __ ___/___ ___/___ __ (mm/dd/yy) | $_____._____ | |
| | __ ___/___ ___/___ __ (mm/dd/yy) | $_____._____ | |
| | __ ___/___ ___/___ __ (mm/dd/yy) | $_____._____ | |

**Questions? Go to www.Website.com or call (XXX) XXX-XXXX.**

\*00000000000000\*
0 0 0 0 0 0 0 0 0 0 0 0 0

## V.  CASH PAYMENT B – FLAT CASH PAYMENT

By checking the below box, I choose an estimated $100 Cash Payment.

☐        Yes, I choose an estimated $100 Cash Payment instead of the documented losses above.

**Do not submit a Claim for Cash Payment A – Documented Losses.**

## VI. CALIFORNIA STATUTORY PAYMENT

By checking the below box, I choose an additional estimated $50 California Statutory Payment. Please confirm you had a residential address in California between April 18, 2023 and April 23, 2023 below.

☐        Yes, I choose a California Statutory Payment estimated to be $50. I affirm that I resided in California between April 18, 2023 and April 23, 2023.

**You may submit a Claim for more than one Settlement benefit**.

_____
**Address 1**

_____
**Address 2**

_____    ___  ___    ___  ___  ___  ___  ___
**City**                                                                                  **State**            **Zip Code**

**IN ADDITION TO THE CASH PAYMENT(S) ABOVE, YOU MAY ALSO SELECT THE SETTLEMENT CLASS MEMBER BENEFIT BELOW**

## VI. MEDICAL MONITORING

☐   **Two years of Medical Monitoring**

Check the box above if you wish to receive, in addition to compensation for Cash Payment A or Cash Payment B and a California Statutory Payment (if applicable), two years of CyEx Medical Monitoring that will provide medical identity monitoring, real-time alerts, and insurance coverage for up to $1,000,000 for medical identity theft. This Medical Monitoring has an estimated value of $90 per year per Settlement Class Member.

**Questions? Go to www.Website.com or call (XXX) XXX-XXXX.**

## VII.  ATTESTATION & SIGNATURE

I swear and affirm under the laws of my state that the information I have supplied in this Claim Form is true and correct to the best of my recollection, and that this form was executed on the date set forth below.

_____     \_\_\_\_ \_\_\_\_ / \_\_\_\_ \_\_\_\_ / \_\_\_\_ \_\_\_\_ \_\_\_\_ \_\_\_\_
Signature                                                                                    Date

_____
Print Name

**Questions? Go to www.Website.com or call (XXX) XXX-XXXX.**

*00000*                    *CF*                    *Page 5 of 5*
000000                     CF                      Page 5 of 5