IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DAVID HARRELL, individually and on behalf of all others similarly situated,** § § § | Civil Action No. **3:24-cv-01158-L** | |
| Plaintiffs, § § | | |
| § | Consolidated with Civil Action Nos. | |
| v. § § | 3:24-cv-01160; 3:24-cv-01164; 3:24-cv-01172; 3:24-cv-01174; | |
| **WEBTPA EMPLOYER SERVICES, LLC,** § § | 3:24-cv-01179; 3:24-cv-01180; 3:24-cv-01206; 3:24-cv-01210; | |
| Defendant. § § § § | 3:24-cv-01236; 3:24-cv-01242; 3:24-cv-01235; 3-24-cv-01264; 3:24-cv-01322; and 3:24-cv-01343. | |

## ORDER

On June 5, 2025, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 67) was entered, recommending that the court **grant** Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action ("Motion for Preliminary Approval") (Doc. 64) and **deny** the Joint Motion for Hearing on Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion for Hearing") (Doc. 66). While the parties did not file objections to the Report, on June 9, 2025, they filed their Joint Notice of Non-Opposition to the Report (Doc. 68), requesting that the court accept the Report, enter the proposed Preliminary Approval Order that they submitted, and set a date for the court to hold a final fairness hearing on the parties' proposed class action settlement during the week of October 6, 2025, if the court's docket permits.

Magistrate Judge David Horan determined that the evidence before the court shows by a preponderance of the evidence that the court is likely to certify the class at the final approval stage because it meets the four prerequisites—numerosity, commonality, typicality, and adequacy—under Federal Rule of Civil Procedure 23(a). Report 5 (citations omitted).

**Order – Page 1**

Additionally, he found that the court should preliminarily approve the proposed settlement because it meets the Rule 23 requirements as informed by *Reed*[*] and is likely to be found as fair, reasonable, and adequate at the final approval stage. As a result, Magistrate Judge Horan recommends that the court **grant** the Motion for Preliminary Approval; **deny** the Motion for Hearing; **enter** a preliminary approval order substantially the same as the proposed order attached to the Motion for Preliminary Approval; **appoint** Messrs. Jeff Ostrow and Gary Klinger, as class counsel; **appoint** Kroll Settlement Administration LLC as settlement administrator; **approve** the proposed notice plan; and **set** a final fairness hearing.

After considering the pleadings, Motions, record, Report, and applicable law, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **grants** the Motion for Preliminary Approval and **denies** the Motion for Hearing. Further, by a separate preliminary approval order, the court will **appoint** Messrs. Jeff Ostrow and Gary Klinger as class counsel; **appoint** Kroll Settlement Administration LLC as settlement administrator; **approve** the proposed notice plan; and **set** a final fairness hearing.

**It is so ordered** this 20th day of August, 2025.

*signature*
Sam A. Lindsay
United States District Judge

---

[*] In determining whether a settlement is fair, adequate and reasonable, the court considers: (1) whether the settlement was a product of fraud or collusion; (2) the complexity, expense and likely duration of litigation; (3) the stage of the proceedings and the actual amount of discovery completed; (4) the probability of Plaintiffs' success on the merits (or, the factual and legal obstacles prevailing on the merits); (5) the possible range of recovery and the certainty of damages; and (6) the respective opinions of the participants, including class counsel, class representative, and the absent class members. *Reed v. General Motors Corp.,* 703 F.2d 170, 172 (5th Cir. 1983)