IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID HARRELL, individually and on behalf of all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:24-cv-1158-L-BN |
| WEBTPA EMPLOYER SERVICES, LLC; HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY; ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY; and ELEVANCE HEALTH, INC., | § § § § § § § § | (Consolidated with: 3:24-cv-1160; 3:24-cv-1164; 3:24-cv-1172; 3:24-cv-1174; 3:24-cv-1179; 3:24-cv-1180; 3:24-cv-1206; 3:24-cv-1210; 3:24-cv-1235; 3:24-cv-1236; 3:24-cv-1242; 3:24-cv-1264; |
| Defendants. | § | 3:24-cv-1322; 3:24-cv-1343) |

### MEMORANDUM OPINION AND ORDER

In this class action that United States District Judge Sam A. Lindsay has referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b), *see* Dkt. No. 20, the Court has preliminarily approved the class action settlement, *see* Dkt. Nos. 67-70, and the Court has set a final approval hearing before the undersigned for December 2, 2025, *see* Dkt. No. 70, ¶ 26; Dkt. No. 72.

On October 14, Alejandro T. Gonzalez submitted a filing *pro se* titled Rule 23(e)(5) Objection and Motion for Limited Discovery, Protective Order, Short Continuance, and Temporary Stay [Dkt. No. 75] (the "Motion"). Plaintiffs responded to the Motion. *See* Dkt. Nos. 77 & 78. And Gonzalez replied and moved to amend his reply. *See* Dkt. Nos. 79 & 80.

The Court GRANTS Gonzalez's motion to amend his reply [Dkt. No. 80] and

DENIES the Motion [Dkt. No. 75] for the following reasons.

First, although Gonzalez appears to bring his motion (primarily for discovery) under Federal Rule of Civil Procedure 23(e), a provision of Rule 23 applicable to class-member objections, to the extent that the Motion is intended to be an objection, Gonzalez does not raise substantive objections.

But, even if he had, the Motion does not comply with the procedures in the Preliminary Approval Order, *see* Dkt. No. 70, ¶¶ 16 & 17, and, so, Gonzalez "waived the right to object to any aspect of the Settlement and/or to the Application for Attorney's Fees, Costs, and Service Awards," *id.* ¶ 19.

More to the point, the Court finds that Gonzalez is not entitled to the discovery that he seeks – executed retainer/engagement agreements between class counsel and named plaintiffs and itemized mediation invoices and proof of payment.

"Class members who object to a settlement of a class action do not have an absolute right to conduct discovery and presentation of evidence." *In re Domestic Air Transp. Antitrust Litig.*, 144 F.R.D. 421, 424 (N.D. Ga. 1992).

Instead, "[t]he scope of the discovery to be conducted in each case rests with the sound discretion of the trial judge." *Cotton v. Hinton*, 559 F.2d 1326, 1333 (5th Cir. 1977) (citation omitted).

And

> [t]he Court, in its discretion, may limit the discovery or presentation of evidence to that which may assist it in determining the fairness and adequacy of the settlement. The criteria relevant to the court's decision of whether or not to permit discovery are the nature and amount of previous discovery, reasonable basis for the evidentiary requests, and number and interests of objectors.

*In re Ford Motor Co. Bronco II Prods. Liab. Litig.*, Civ. A. No. MDL-991, 1994 WL 593998, at *3 (E.D. La. Oct. 28, 1994) (quoting 2 HERBERT NEWBERG AND ALBA CONTE, NEWBERG ON CLASS ACTIONS § 11.57 (1992)).

As to Gonzalez's requests, he has not shown that he represents more than himself and his interests. Nor has he shown that there is a reasonable basis for his requests in the context of this litigation or that his obtaining the information requested – information that the Court can independently verify or scrutinize if necessary – is necessary to further the Court's evaluation of the fairness and adequacy of the settlement before it.

SO ORDERED.

DATED: November 13, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE